Nilab N. Rahyar (State Bar No. 272810)
nnrahyar@jonesday.com
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA  92612.4408
Telephone:  +1.949.851.3939
Facsimile:   +1.949.553.7539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS,
INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUELO LOWE<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendants. | Case No. 8:14-cv-1315 CJC (JCGx)<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT** |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian), by and through its undersigned counsel, and in answer to Plaintiff Consuelo Lowe's ("Plaintiff") Complaint ("Complaint").

## RESPONSE TO PRELIMINARY STATEMENT

1.      In response to Paragraph 1 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  Experian further admits that Plaintiff's Complaint purports to state claims for damages under the Fair Credit Reporting Act ("FCRA").  Except as specifically admitted, Experian

1    denies, generally and specifically, each and every remaining allegation of

2    Paragraph 1 of the Complaint.

3                          **JURISDICTION AND VENUE**

4          2.     In response to Paragraph 2 of the Complaint, Experian states that

5    Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681p, and 28 U.S.C.

6    §§ 1331, 1367.  Experian states that these are legal conclusions which are not

7    subject to denial or admission.

8          3.     In response to Paragraph 3 of the Complaint,  Experian states that

9    Plaintiff has alleged venue based on 28 U.S.C. §§ 1391(b).  Experian states that this

10   is a legal conclusion, which is not subject to admission or denial.

11                                **PARTIES**

12         4.     In response to Paragraph 4 of the Complaint, Experian is without

13   knowledge or information sufficient to form a belief as to the truth of the

14   allegations contained therein and, on that basis, denies generally and specifically,

15   each and every allegation contained in Paragraph 4 of the Complaint.

16         5.     In response to Paragraph 5 of the Complaint, Experian admits that it is

17   a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  Experian further

18   admits that it is qualified to do business and conducts business in the State of

19   California.  Experian further admits that its corporate headquarters are located in

20   Costa Mesa, California.  Except as specifically admitted, Experian denies, generally

21   and specifically, each and every remaining allegation of Paragraph 5 of the

22   Complaint.

23         6.     In response to Paragraph 6 of the Complaint, Experian is without

24   knowledge or information sufficient to form a belief as to the truth of the

25   allegations contained therein and, on that basis, denies generally and specifically,

26   each and every allegation contained in Paragraph 6 of the Complaint.

27                 **RESPONSE TO FACTUAL ALLEGATIONS**

28   **Defendants' Practices Concerning the Sale of Reports on the "Deceased"**

1    7.    In response to Paragraph 7 of the Complaint, Experian admits that it is

2    a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  As to the

3    remaining allegations in Paragraph 7 of the Complaint, Experian denies, generally

4    and specifically, each and every allegation therein.

5    8.    In response to Paragraph 8 of the Complaint, Experian admits that it is

6    a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such,

7    issues consumer reports as defined by 15 U.S.C. § 1681a(d).  As to the remaining

8    allegations in Paragraph 8 of the Complaint, Experian denies, generally and

9    specifically, each and every allegation therein.

10    9.    In response to Paragraph 9 of the Complaint, Experian states that the

11    allegations contained therein are legal conclusions to which no response is required.

12    To the extent that a response is required, Experian denies, generally and specifically,

13    each and every allegation contained therein.

14    10.    In response to Paragraph 10 of the Complaint, Experian states that the

15    allegations contained therein are legal conclusions to which no response is required.

16    To the extent that a response is required, Experian denies, generally and specifically,

17    each and every allegation contained therein.

18    11.    In response to Paragraph 11 of the Complaint, Experian denies,

19    generally and specifically, each and every allegation therein.

20    12.    In response to Paragraph 12 of the Complaint,  Experian denies,

21    generally and specifically, each and every allegation therein.

22    13.    In response to Paragraph 13 of the Complaint, , Experian denies,

23    generally and specifically, each and every allegation therein.

24    14.    In response to Paragraph 14 of the Complaint, Experian denies,

25    generally and specifically, each and every allegation therein.

26    15.    In response to Paragraph 15 of the Complaint, denies, generally and

27    specifically, each and every allegation therein.

28    16.    In response to Paragraph 16 of the Complaint, Experian denies,

generally and specifically, each and every allegation therein.

17.    In response to Paragraph 17 of the Complaint, Experian denies, generally and specifically, each and every allegation therein.

18.    In response to Paragraph 18 of the Complaint, Experian denies, generally and specifically, each and every allegation therein.

19.    In response to Paragraph 19 of the Complaint, Experian denies, generally and specifically, each and every allegation therein.

20.    In response to Paragraph 20 of the Complaint, Experian denies, generally and specifically, each and every allegation therein.

21.    In response to Paragraph 21 of the Complaint, Experian denies, generally and specifically, each and every allegation therein.

22.    In response to Paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation therein.

23.    In response to Paragraph 23 of the Complaint, Experian denies, generally and specifically, each and every allegation therein.

24.    In response to Paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation therein.

25.    In response to Paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation therein.

26.    In response to Paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation therein.

27.    In response to Paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation therein.

28.    In response to Paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation therein.

29.    In response to Paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation therein.

30.    In response to Paragraph 30 of the Complaint, Experian denies,

1    generally and specifically, each and every allegation therein.

2         31.    In response to Paragraph 31 of the Complaint, Experian denies,

3    generally and specifically, each and every allegation therein.

4         32.    In response to Paragraph 32 of the Complaint, Experian denies,

5    generally and specifically, each and every allegation therein.

6         33.    In response to Paragraph 33 of the Complaint, Experian denies,

7    generally and specifically, each and every allegation therein.

8         34.    In response to Paragraph 34 of the Complaint, Experian denies,

9    generally and specifically, each and every allegation therein.

10        35.    In response to Paragraph 35 of the Complaint, Experian denies,

11   generally and specifically, each and every allegation therein.

12        36.    In response to Paragraph 36 of the Complaint, Experian denies,

13   generally and specifically, each and every allegation therein.

14        37.    In response to Paragraph 37 of the Complaint, Experian denies,

15   generally and specifically, each and every allegation therein.

16        38.    In response to Paragraph 38 of the Complaint, Experian denies,

17   generally and specifically, each and every allegation therein.

18        39.    In response to Paragraph 39 of the Complaint, Experian denies,

19   generally and specifically, each and every allegation therein.

20        40.    In response to Paragraph 40 of the Complaint, Experian denies,

21   generally and specifically, each and every allegation therein.

22        41.    In response to Paragraph 41 of the Complaint, Experian denies,

23   generally and specifically, each and every allegation therein.

24        42.    In response to Paragraph 42 of the Complaint, Experian denies,

25   generally and specifically, each and every allegation therein.

26        43.    In response to Paragraph 43 of the Complaint, Experian denies,

27   generally and specifically, each and every allegation therein.

28        44.    In response to Paragraph 44 of the Complaint, Experian denies,

1    generally and specifically, each and every allegation therein.

2        45.    In response to Paragraph 45 of the Complaint, Experian denies,

3    generally and specifically, each and every allegation therein.

4        46.    In response to Paragraph 46 of the Complaint, Experian denies,

5    generally and specifically, each and every allegation therein.

6        47.    In response to Paragraph 47 of the Complaint, Experian denies,

7    generally and specifically, each and every allegation therein.

8        48.    In response to Paragraph 48 of the Complaint, Experian denies,

9    generally and specifically, each and every allegation therein.

10        49.    In response to Paragraph 49 of the Complaint, Experian denies,

11    generally and specifically, each and every allegation therein.

12                            *Case Specific Facts*

13        50.    In response to Paragraph 50 of the Complaint, Experian denies,

14    generally and specifically, each and every allegation therein.

15        51.    In response to Paragraph 51 of the Complaint, Experian is without

16    knowledge or information sufficient to form a belief as to the truth of the

17    allegations contained therein and, on that basis, denies, generally and specifically,

18    each and every allegation therein.

19        52.    In response to Paragraph 52 of the Complaint, Experian denies,

20    generally and specifically, each and every allegation therein.

21        53.    In response to Paragraph 53 of the Complaint, Experian denies,

22    generally and specifically, each and every allegation therein.

23        54.    In response to Paragraph 54 of the Complaint, Experian denies,

24    generally and specifically, each and every allegation therein.

25        55.    In response to Paragraph 55 of the Complaint, Experian denies,

26    generally and specifically, each and every allegation therein.

27        56.    In response to Paragraph 56 of the Complaint, Experian denies,

28    generally and specifically, each and every allegation therein.

1
2

**COUNT I – VIOLATIONS OF THE FCRA**

**(PLAINTIFF V. EXPERIAN AND EQUIFAX)**

3
4
5

     57.    In response to Paragraph 57 of the Complaint, Experian repeats, re-alleges, and incorporates by reference Paragraphs 1 through 56 above, as though fully set forth herein.

6
7
8
9

     58.    In response to Paragraph 58 of the Complaint, Experian admits that it is a "person" and "consumer reporting agenc[y]" as those terms are defined by 15 U.S.C. § 1681a(b) and § 1681a(f), respectively.  Experian denies, generally and specifically, each and every remaining allegation in Paragraph 58.

10
11
12
13
14
15

     59.    In response to Paragraph 59 of the Complaint, Experian admits that 15 U.S.C. § 1681a(c) defines a "consumer" as "an individual."  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16
17
18
19
20
21
22

     60.    In response to Paragraph 60 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23
24

     61.    In response to Paragraph 61 of the Complaint, Experian denies, generally and specifically, each and every allegation therein.

25
26
27
28

     62.    In response to Paragraph 62 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

63.     In response to Paragraph 63 of the Complaint, Experian denies, generally and specifically, each and every allegation therein.

### JURY TRIAL DEMAND

64.     In response to Paragraph 64 of the Complaint, Experian admits that Plaintiff has demanded trial by jury on all issues triable.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

### (Immunity)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE

### (Truth/Accuracy Of Information)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE

### (Indemnification)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

Plaintiff has failed to mitigate Plaintiff's damages.

1

## SIXTH AFFIRMATIVE DEFENSE

2

### (Laches)

3       The Complaint and each claim for relief therein is barred by the doctrine of

4   laches.

5

## SEVENTH AFFIRMATIVE DEFENSE

6

### (Contributory/Comparative Fault)

7       Experian is informed and believes and thereon alleges that any alleged

8   damages sustained by Plaintiff were, at least in part, caused by the actions of

9   Plaintiff herself and resulted from Plaintiff's own negligence which equaled or

10  exceeded any alleged negligence or wrongdoing by Experian.

11

## EIGHTH AFFIRMATIVE DEFENSE

12

### (Estoppel)

13      Any damages which Plaintiff may have suffered, which Experian continues

14  to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore,

15  Plaintiff is estoped and barred from recovery of any damages.

16

## NINTH AFFIRMATIVE DEFENSE

17

### (Statute Of Limitations)

18      Experian is informed and believes and thereon alleges that all claims for

19  relief in the Complaint herein are barred by the applicable statutes of limitation,

20  including but not limited to 15 U.S.C. § 1681p.

21

## TENTH AFFIRMATIVE DEFENSE

22

### (Claim Preclusion)

23      On information and belief, all of Plaintiff's claims against Experian are

24  barred by the doctrine of claim preclusion.

25

## ELEVENTH AFFIRMATIVE DEFENSE

26

### (Issue Preclusion)

27      On information and belief, all of Plaintiff's claims against Experian are

28  barred by the doctrine of issue preclusion.

1

## TWELFTH AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3      The Complaint, and each claim for relief therein that seeks equitable relief, is

4 barred by the doctrine of unclean hands.

5

## THIRTEENTH AFFIRMATIVE DEFENSE

6

### (Intervening Cause)

7      Experian alleges upon information and belief that if Plaintiff sustained any of

8 the injuries alleged in the Complaint, there was an intervening, superseding cause

9 and/or causes leading to such alleged injuries and, as such, any action on the part of

10 Experian was not a proximate cause of the alleged injuries.

11

## FOURTEENTH AFFIRMATIVE DEFENSE

12

### (Right To Assert Additional Defenses)

13      Experian reserves the right to assert additional affirmative defenses at such

14 time and to such extent as warranted by discovery and the factual developments in

15 this case.

16

## PRAYER FOR RELIEF

17      WHEREFORE, Defendant Experian Information Solutions, Inc., prays as

18 follows:

19      1.      That Plaintiff take nothing by virtue of the Complaint herein and that

20 this action be dismissed in its entirety;

21      2.      For costs of suit and attorneys' fees herein incurred; and

22      3.      For such other and further relief that this Court may deem necessary

23 and proper.

24

25

26

27

28

1    Dated:  September 8, 2014              JONES DAY

2

3                                          By: */s/ Nilab N. Rahyar*
                                               Nilab N. Rahyar
4
                                           Attorneys for Defendant
5                                          EXPERIAN INFORMATION
                                           SOLUTIONS, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRI-360066388v1

ANSWER TO PLAINTIFF'S COMPLAINT
Case No. 8:14-cv-1315 CJC (JCGx)

1

## PROOF OF SERVICE

2      I am a citizen of the United States and employed in Orange County,

3  California.  I am over the age of eighteen years and not a party to the above-entitled

4  action.  My business address is 3161 Michelson Drive, Suite 800, Irvine, California

5  92612.  On September 8, 2014, I served a copy of the following document(s):

6  **EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO**

7  **PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT**
**REPORTING ACT**

8

9  ☒      by electronic submission: submitted to the above-entitled Court for
electronic filing and service upon the Court's Service List for the

10  above-referenced case.

11      I am readily familiar with the United States District Court, Central District of

12  California's practice for collecting and processing electronic filings.  Under that

13  practice, documents are electronically filed with the Court.  The Court's CM/ECF

14  system will generate a Notice of Electronic Filing (NEF) to the filing party, the

15  assigned judge, and any registered users in the case.  The NEF will constitute

16  service of the document.  Registration as a CM/ECF user constitutes consent to

17  electronic service through the Court's transmission facilities.  Under said practice,

18  the following CM/ECF user(s) were served:

19  Stephanie R. Tatar, Esq.                    Attorney for Plaintiff

20  TATAR LAW FIRM, APC                          CONSUELO LOWE
3500 West Olive Avenue, Suite 300

21  Burbank, CA  91505

22  Telephone:  (323) 744-1146
Facsimile:  (888) 788-5695

23

24      I declare that I am employed in the office of a member of the bar of this court

25  at whose direction the service was made.

26      Executed on September 8, 2014, at Irvine, California.

27                                          _____
                                                */s/ Nilab N. Rahyar*

28                                              Nilab N. Rahyar